IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LESLIE WAYNE CUNNINGHAM, | } | |
| | } | |
| Plaintiff and | } | |
| counterclaim defendant, | } | CIVIL ACTION NO. |
| | } | 04-AR-0386-S |
| v. | } | |
| | } | |
| AARON RENTS, INC., | } | |
| | } | |
| Defendant and | | |
| counterclaimant. | | |

**MEMORANDUM OPINION**

Before the court is the motion of defendant, Aaron Rents, Inc. ("Aaron Rents"), for summary judgment pursuant to Rule 56(c), F.R.Civ.P. For the following reasons, the court will grant the motion in part and deny it in part.

*Introduction and Procedural History*

Plaintiff, Leslie Wayne Cunningham ("Cunningham"), is suing his former employer, Aaron Rents, for wrongful discharge in violation of Ala. Code 1975, § 12-16-8.1, and for intentional infliction of emotional distress. Cunningham filed suit in the Circuit Court of Jefferson County, Alabama on January 14, 2004. Aaron Rents was served by certified mail on January 28, 2004, and removed the action to this court on February 26, 2004. On March 4, 2004, Aaron Rents filed its answer and counterclaim against Cunningham alleging conversion. Aaron Rents is a Georgia corporation with its principal place of business in Georgia, and Cunningham is a citizen of Alabama. The court's jurisdiction over

Cunningham's state law claims is based on 28 U.S.C. § 1332, and the court has supplemental jurisdiction over the counterclaim under 28 U.S.C. § 1367.

*Summary Judgment Facts*

Cunningham began his employment with Aaron Rents in February 2003. He became the general manager of the Green Springs store in Jefferson County, Alabama, in July 2003. As general manager, Cunningham was the highest ranking employee working at the store on a daily basis, and he reported to regional manager Kealan Ogletree ("Ogletree").

On or about September 1, 2003, Cunningham received a notice to report for state court jury duty. He told Ogletree about the notice, and Ogletree asked him to try to get out of it because the store was entering a very busy time of year. On October 6, 2003, Cunningham reported for jury duty and was selected to serve as a grand juror. That night, Cunningham faxed Ogletree a record from the court reflecting the fact that Cunningham was obligated to serve as grand juror during the weeks of October 6, November 3, and December 1, 2003. Cunningham could not get out of jury duty because, due to a low number of potential jurors, the judge told the jury pool that he would not excuse individuals except for emergencies.

During the period of his jury service, Cunningham fell behind on some of his duties at the store. At some point,

according to Cunningham, Ogletree's assistant told him that jury duty was killing him.  Ogletree made Cunningham work a few extra Saturdays and nights to ensure that collections were made for his store while he was away serving on the grand jury.  In December 2003, on a day when Cunningham was serving on the grand jury, his subordinate discovered that a laptop computer was missing from inventory.  The computer's retail value was over $1,000.  This computer was delivered to the store on November 25, 2003, and Cunningham checked it into inventory.  Several other managers have had items disappear from inventory without explanation and have not been terminated, including Cunningham's predecessor at the Green Springs store, who was merely demoted after a computer disappeared on his watch.

On December 3, 2003, while Cunningham was absent serving on the grand jury, Ogletree conducted a compliance audit of Cunningham's store.  The evaluation was performed eleven days prior to the date it was originally scheduled.  The report Ogletree generated after the evaluation was critical of Cunningham's performance as a manager.  He fired Cunningham on December 29, 2003, citing poor store performance and the missing computer as reasons for his action.  This lawsuit followed.

*Analysis*

Statutory Wrongful Discharge Claim

Aaron Rents argues that, even viewing the evidence in the

3

light most favorable to Cunningham, it is entitled to judgment as a matter of law on the statutory wrongful discharge claim because there is no substantial evidence to support a jury finding that Cunningham was terminated "solely" because he served on the grand jury.  Ala. Code § 12-16-8.1; *see Norfolk Southern Railway Co. v. Johnson*, 740 So.2d 392 (Ala. 1999).  To be more precise, Aaron Rents contends that Cunningham has (1) failed to establish a *prima facie* case because he has not provided evidence of a causal connection between his termination and his jury service, and (2) failed to show that Aaron Rents' proffered legitimate reasons are pretextual.  Because one or more genuine issues of fact prevent the conclusion that Cunningham was not fired solely because he served on the jury, summary judgment is inappropriate.

Alabama Code, § 12-16-8.1(a) makes it unlawful for an employer to terminate its employee:

> "solely because he serves on any jury...provided...the employee reports for work on his next regularly scheduled hour after being dismissed from any jury."

The legislature intended the statute to cover more than simply reporting for jury duty.  *Johnson*, 740 So.2d at 397.  In discussing the statute's purpose, the Alabama Supreme Court has stated:

> It seems clear that the Legislature intended, in adopting this statute, to protect citizens from being discharged from their employment when they fulfilled their civic responsibility regarding jury duty.  It seems obvious that the Legislature intended to prohibit an employer from discharging an employee *solely* because

4

>      the employee was absent from work because he or she was
>      called for jury duty.

*Id.* at 396-97.

The *Johnson* court went on to note that the legislature used "the word 'serves' in conjunction with the word 'solely.'" *Id.* at 397. Thus, it held that the statute protects the juror/employee in performing "all the legal duties and responsibilities associated with a juror's participation in the jury process." *Id.*

Aaron Rents claims that the termination resulted from deficiencies in Cunningham's performance as general manager, not from his jury service.  Viewing the evidence before the court in the light most favorable to Cunningham, whether he was discharged "solely" because of his jury service, solely because of performance related reasons, or because of some combination of the two, is a matter for jury resolution.  The court need only assess the proof to determine whether genuine issues of material fact exist.  Cunningham has submitted evidence that Ogletree's assistant told him that his jury service was "killing" him, that Ogletree told him to try and get out of jury service, and that other managers whose stores lost substantial inventory were not fired.[1]  Viewing this and other evidence in the light most

---

[1] Aaron Rents argues in its reply brief that Ogletree's assistant's alleged statement about Cunningham's jury duty is inadmissible, citing the Eleventh Circuit's opinion in *Steger v. General Elec. Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003).  Aaron Rents' argument, and its reliance on *Steger* as support therefor, is misplaced.  Even accepting Aaron Rents' argument that Ogletree's assistant was not a decision-maker with regard to Cunningham's termination, the court cannot conclude on summary judgment that his statement is irrelevant.  *See id;* Rule 401, F.R.Evid.

5

favorable to Cunningham, there is a jury question as to the cause of his termination.  If the jury determines that the missing computer, backed up paperwork, departures from proper procedures, and/or the deficiency in collections were not the real motivation(s) for Cunningham's termination; and instead determines that Cunningham's absence from work during jury service was Ogletree's sole motivation, then Cunningham is protected by the statute.  The motion for summary judgment is due to be denied as to the claim for wrongful discharge under § 12-16-8.1.

<u>Intentional Infliction of Emotional Distress</u>

Just the opposite is true of the intentional infliction of emotional distress claim – summary judgment is due to be granted. There is no evidence, nor even any allegation, of conduct sufficiently outrageous to serve as a basis for Cunningham's claim.  *See Harrell*, 495 So.2d 1381 (Ala. 1986)(liability for intentional infliction of emotional distress ensues "only when the conduct is...**so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society**").  Because the evidence falls far short of this standard, there is no issue for jury resolution and summary judgment is due to be granted.

*Conclusion*

By separate order, the motion for summary judgment will be DENIED in part and GRANTED in part.

DONE this 3rd day of March, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE